**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Antonio GALEANA–FLORES,**
**Defendant/Appellant.**

**No. 03–10601.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Nov. 10, 2004.

Mary Beth Phillips, Esq., U.S. Attorney, Phoenix, AZ, Plaintiff–Appellee.

Douglas A. Passon, Esq., Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: TROTT and MCKEOWN, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM **

Antonio Galeana–Flores ("Galeana–Flores"), an alien, seeks reversal of his conviction (and his consequent sentence) on a charge of reentry following removal under 8 U.S.C. § 1326(a) as enhanced by 8 U.S.C. § 1326(b)(2).[1] Galeana–Flores offers three asserted bases for reversal:

1. Venue in the District of Arizona was improper.

2. It was error to enhance his sentence pursuant to Section 1326(b)(2) based on his prior aggravated felony conviction.

3. Fed.R.Crim.P. ("Rule") 32(i)(1)(A) was violated when the district court assertedly failed to inquire as to whether he had read and discussed an addendum to his presentence report before sentencing.

None of those arguments has merit, and we therefore affirm.

■ First Galeana–Flores argues that venue was improper in the District of Arizona because his crime of being "found in" the United States was completed in California, where Border Patrol agents first discovered his footprints in the sand. That argument is foreclosed by our decision in *United States v. Hernandez,* 189 F.3d 785, 791 (9th Cir.1999), where we made it clear that the "found in" offense is completed "when an alien is discovered

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Further citations to the statute take the form "Section 1326," obviating the need to repeat "8 U.S.C."

*and identified by the immigration authorities*" (emphasis added). While it might perhaps be contended that Galeana–Flores was "discovered" when the agents came upon his footprints in California (a stretch, given the then anonymity of the person making those footprints), he was not identified until he was apprehended in Arizona. Galeana–Flores' crime of being "found in" the United States was thus completed in Arizona, and venue there was proper.

Next Galeana–Flores contends that the district court erred in enhancing his sentence under Section 1326(b)(2) based on his prior aggravated felony conviction. On that score he posits that because the statute requires an alien's prior removal to have been "subsequent to" the prior conviction, *Apprendi v. New Jersey,* 530 U.S. 466, 489, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) requires that the temporal sequence of conviction and removal—as distinct from the fact of conviction itself (which, under the well-established rule of *United States v. Almendarez–Torres,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is an exception to *Apprendi*)—must be proved to a jury beyond a reasonable doubt.

That argument is unpersuasive. One of the two dates, the date of the prior removal, was found by the jury as a necessary element of the underlying Section 1326(a) conviction. As for the other date—that of the prior conviction—it is a fundamental element of the *fact* of prior conviction that, under *Almendarez–Torres,* may be found by the judge alone. Because the dates of Galeana–Flores' conviction and removal were thus legitimately established without running afoul of *Apprendi* in light of *Almendarez–Torres,* it requires no separate jury finding to establish beyond a reasonable doubt that a date in 2002 is "subsequent to" a date in 2000. Galeana–Flores' sentence enhancement was thus appropriate.

Finally, Galeana–Flores urges that the district court violated Rule 32(i)(1)(A) by failing to inquire as to whether before his sentencing he had read and discussed an addendum to the presentence report prepared by the probation officer. Any alleged error in that respect was clearly harmless, however, for no information in the addendum would have been relevant to the request for a downward departure. Galeana–Flores is therefore not entitled to resentencing.

AFFIRMED.